UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JULIA RICHMOND,                                     :
                Plaintiff,          :
                                 :          **OPINION AND ORDER**
v.                                                  :
                                 :          22 CV 10075 (VB)
ALAN J SORENSEN,                                    :
                Defendant.        :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Julia Richmond brings this action pursuant to 42 U.S.C. § 1983 alleging defendant Alan J. Sorensen violated her Fourteenth Amendment right to be free from gender discrimination as a public employee.

Now pending is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. #7).

For the reasons set forth below, the motion is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.

Until December 8, 2021, plaintiff worked as deputy commissioner of the Orange County (the "County") Planning Department (the "Department"), a position to which she was appointed by David Church, the Department's former commissioner.  As deputy commissioner, plaintiff also served as director of the County's Transportation Council.  Plaintiff allegedly worked for the County for nearly thirteen years and "had almost 25 years in the New York State Retirement

1

System in multiple similar titles in both Sullivan and Orange Counties." (Compl. ¶ 9).  In March

2020, defendant succeeded Church as commissioner, a position defendant continues to hold.

Plaintiff alleges she met on December 8, 2021, with defendant and Tamara Hunter, a

representative of the County's Human Resources Department, at defendant's request.  At the

meeting, defendant purportedly told plaintiff "he was going in another direction with the Deputy

Commissionership and slid a letter across the table toward plaintiff terminating her

employment." (Compl. ¶ 8).  Plaintiff alleges she "expressed shock at her termination in light of

her job performance, attendance and loyalty" (id. ¶ 15), and asked defendant why she was being

terminated.  Further, plaintiff allegedly recounted how she helped defendant "through a difficult

time" as he began his job as commissioner "the day of the COVID shutdown with all the staff

working remotely and [defendant] had recently lost a son," and plaintiff continued to work in-

person in the office daily and assisted defendant in getting acquainted with the Department's

staff, policies, and priorities.  (Id. ¶¶ 12–13).

Rather than respond to plaintiff's inquiry, plaintiff contends defendant "proceeded to say

absolutely nothing and simply stared back at her" and "provided plaintiff no reason for her

termination." (Compl. ¶¶ 15–16).  Further, Hunter allegedly told plaintiff she was an at-will,

managerial, and exempt employee, and thus could be terminated.  Plaintiff claims defendant did

not articulate a neutral, non-discriminatory reason for terminating her, and "never discussed any

shortcomings in plaintiff's job performance and relied upon her to manage numerous projects

and staff members, tasks she satisfactorily performed."  (Id. ¶¶ 33–34).

Following her termination, plaintiff alleges she asked the County's Human Resources

commissioner, Steve Gross, why she was terminated.  In response, Gross allegedly "re-emailed

her the termination letter and said that it was self-explanatory." (Compl. ¶ 21).  Plaintiff also

claims she asked the County's deputy county executive, Harry Porr, why she was terminated and requested an exit interview, however he never replied.

According to plaintiff, who is female, she was "replaced, at least temporarily, by a male who had previously served as Deputy Commissioner." (Compl. ¶ 23). Further, plaintiff claims that on December 9, 2021, defendant informed the New York State Department of Transportation that he was replacing plaintiff as director of the County's Transportation Council, and defendant later told the Transportation Council plaintiff "left the county." (Id. ¶ 27). Further, plaintiff alleges "[i]n recent months, after not filling the Deputy Commissioner position for months, without further explication or elaboration, defendant has told staff at the Planning Department [almost all of whom are female] that he might 'have to' fill the position with a male." (Id. ¶ 32) (brackets in original).

## DISCUSSION

I.     Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[1] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

---

[1]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.     Discrimination Claim

Defendant argues plaintiff fails to state a Fourteenth Amendment discrimination claim because she does not plausibly allege her termination took place under circumstances giving rise to an inference of discriminatory intent.

The Court disagrees.

A.      Applicable Law

"The Fourteenth Amendment provides public employees with the right to be free from discrimination." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015). "Consequently, public employees aggrieved by discrimination in the terms of their employment may bring suit under 42 U.S.C. § 1983 against any responsible persons acting under color of state law." Id.

"Once the color of law requirement is met, a plaintiff's equal protection claim parallels [a] Title VII claim, except that a § 1983 claim, unlike a Title VII claim, can be brought against an individual." Vega v. Hempstead Union Free Sch Dist., 801 F.3d at 88. Thus, discrimination claims brought under Section 1983 are evaluated under the familiar burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Littlejohn v. City

of New York, 795 F.3d 297, 312 (2d Cir. 2015).  However, at the motion to dismiss stage, the
Court focuses "only on whether the allegations in the complaint give plausible support to the
reduced prima facie requirements that arise under McDonnell Douglas in the initial phase of a
litigation."  Id.

"[T]o defeat a motion to dismiss . . . in a Title VII [or Section 1983] discrimination case,
a plaintiff must plausibly allege that (1) the employer took adverse action against [her], and (2)
[her] race, color, religion, sex, or national origin was a motivating factor in the employment
decision."  Vega v. Hempstead Union Free School Dist., 801 F.3d at 87.  Further, at this stage, "a
plaintiff must allege that the employer took adverse action against her at least in part for a
discriminatory reason, and she may do so by alleging facts that directly show discrimination or
facts that indirectly show discrimination by giving rise to a plausible inference of
discrimination."  Id.  Importantly, this is a "minimal burden."  Id. at 85.

 "The fact that a plaintiff was replaced by someone outside the protected class will
ordinarily suffice for the required inference of discrimination at  . . . the pleading stage."
Littlejohn v. City of New York, 795 F.3d at 313.

B.    Application

Here, drawing all reasonable inferences in plaintiff's favor—as the Court must at this
early stage—she plausibly alleges facts giving rise to a minimal inference that her termination
was motivated by discriminatory intent. [2]

Plaintiff, a woman, alleges she was terminated as deputy commissioner and temporarily
replaced by a man who had previously served as deputy commissioner.  Further, as part of

---

[2]    The parties do not dispute that plaintiff has adequately alleged defendant acted under
color of state law for purposes of Section 1983.

2ab1577b2baf6d9d

plaintiff's termination, defendant (a man) also allegedly decided to assume plaintiff's role as director of the County Transportation Council.

Although plaintiff acknowledges the deputy commissioner role was not filled on a permanent basis, even temporary replacements with an individual outside of a plaintiff's protected class suffice to raise a minimal inference of discriminatory intent.  See Ragin v. Riverbay Corp., 2020 WL 3440278, at *5 (S.D.N.Y. June 22, 2020) (in gender discrimination case, plaintiff's temporary replacement by person of the opposite gender is sufficient), aff'd, 2021 WL 4057196 (2d Cir. Sept. 7, 2021) (summary order); see also Williams v. N.Y.C. Dep't of Educ., 2018 WL 4735713, at *9 (S.D.N.Y. Sept. 29, 2018) (in age discrimination case, a court "may look to the age of either a temporary or permanent replacement in evaluating whether an inference of discrimination is appropriate").

In addition, plaintiff's allegation that defendant (a man) stripped her of her position as director of the County's Transportation Council and assumed that role himself further supports an inference of discrimination.

Defendant attempts to proffer extrinsic evidence of County job postings for the deputy commissioner position to support his argument that plaintiff's "position was never permanently filled by a male."  (Doc. #9 ("Def. Mem.") at 6; see also Doc. #8-2).  However, these documents are neither incorporated by reference in, nor integral to, the complaint, and therefore, the Court may not consider them in deciding the instant motion.  See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

At this early stage of the case, plaintiff has satisfied her minimal burden of plausibly alleging her termination from employment comprised sex discrimination.

**CONCLUSION**

The motion to dismiss is DENIED.

By July 12, 2023, defendant shall answer the complaint.

By separate Order, the Court will schedule an initial conference.

The Clerk is instructed to terminate the pending motion.  (Doc. #7).

Dated: June 28, 2023
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge